UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERIN DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| SYRA HEALTH CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Terin Davis ("Davis"), brings this action against Defendant, Syra Health Corporation ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1981 (§ 1981).

**PARTIES**

2. Davis has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5. Davis was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Davis satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Davis. She now timely files her lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Defendant hired the Davis as a clinical nurse manager on or about February 2, 2021. She was later promoted to a clinical nurse director prior to Defendant's wrongful termination of her.

10. Davis's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

11. Davis worked for Defendant at the State of Indiana's NeuroDiagnostic Institute ("NDI") at the time of her termination. In her role as the clinical nurse director for Defendant, Davis was in charge of Defendant's employees that were placed at NDI, and she would hire, fire, and provide discipline. Davis was also required to work closely with her State of Indiana counterparts to fully incorporate Defendant's employees with the State of Indiana's employees and system.

12. During her tenure as the clinical nurse director for Defendant at NDI, Davis made multiple protected complaints to both Defendant and NDI's human resources personnel and/or departments regarding: 1) sex discrimination; 2) sex harassment; 3) race discrimination; and 4) race harassment.

13. Davis complained to human resources about what she reasonably believed were discriminatory hiring practices. She complained that NDI and/or Defendant were improperly screening or pushing out black, African-American, or African candidates.

14. Davis later complained to human resources regarding NDI employees calling Defendant employees "ghetto." Davis reasonably believed that the NDI employees' statements were racist against African-Americans and reported them as race discrimination and/or harassment.

15. After an African-American employee was promoted to supervisor, Davis began receiving complaints from Caucasian employees relating, not to the supervisor's performance, but because of her shoes or the style of her hair.

16. Davis investigated these complaints and found them meritless. When the individuals kept making frivolous complaints, Davis reported them to human resources for race discrimination and/or harassment of the African-American supervisor.

17. Davis' reporting of what she reasonably believed was racial harassment and/or discrimination against a fellow employee is considered a statutorily-protected complaint.

18. Davis also reported sexual harassment and/or sex discrimination to human resources on behalf of other employees. By way of example, Alyric Henderson was consistently being sexually harassed by male NDI employees. Davis complained about this unlawful treatment to human resources on behalf of Ms. Henderson.

19. Davis' reporting of what she reasonably believed was sexual harassment and/or sex discrimination against a fellow employee is considered a statutorily-protected complaint.

20. Starting in or about October, 2022, Davis routinely made reports of race discrimination in hiring and retention of employees as well as sex discrimination and/or harassment to her supervisor, Silvia Bekeris, in addition to human resources.

21. Davis' continued reporting of discrimination and/or harassment based upon both race and sex is considered statutorily-protected activity.

22. Ms. Bekeris took no action to address the issues complained of by Davis.

23. Davis continued to complain about unlawful discrimination and/or harassment to both Bekeris and human resources throughout November and into December, 2022. In fact, Davis and another employee drove to Defendant's corporate headquarters to make sure that their

complaints regarding unlawful discrimination and/or harassment were heard. During the December meeting, Bekeris acknowledged Davis's complaints and indicated that something would be done.

24.  Unsurprisingly, Defendant took no action to address the unlawful discrimination and/or harassment that its employees were being subjected to.

25.  Within weeks of the December meeting, wherein she made additional statutorily-protected complaints, and on or about January 8, 2023, Defendant summarily terminated Davis's employment.

26.  Davis was not disciplined or counseled by Defendant prior to her wrongful termination and was not aware that her employment was in jeopardy.

27.  Defendant fired Davis because of her statutorily-protected conduct.

28.  Any reason provided by Defendant to explain its termination of Davis is mere pretext for retaliation.

29.  Defendant took adverse employment actions against Davis due to her statutorily protected activity in violation of Title VII and § 1981.

30.  Davis has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I - TITLE VII AND § 1981 - RETALIATION

31.  Davis hereby incorporates paragraphs 1-30 of her Complaint.

32.  Davis engaged in statutorily-protected conduct on multiple occasions.

33.  Defendant took adverse employment actions against Davis because of her statutorily-protected conduct.

34.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Davis's rights as protected by Title VII and § 1981.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Terin Davis, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Davis;

2. Defendant reinstate Davis to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3. Defendant pay compensatory and punitive damages to Davis;

4. Defendant pay pre- and post-judgment interest to Davis;

5. Defendant pay Davis's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Davis any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

        Respectfully submitted,

        /s/ Bradley L. Wilson
        Bradley L. Wilson, Attorney No. 21154-49
        Shannon L. Melton, Attorney No. 29380-49

        Attorneys for Plaintiff
        Terin Davis

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:   (317) 802-7181
Email:       bwilson@wilsonmelton.com
           smelton@wilsonmelton.com

## DEMAND FOR JURY TRIAL

Plaintiff, Terin Davis, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Terin Davis